# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3925

_____

United States of America,

        Appellee,

v.

Margarito Padron, also known as
Mitch Padron,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*
\*

_____

Submitted: April 14, 2000
Filed: June 12, 2000

_____

Before BOWMAN, MAGILL and HANSEN, Circuit Judges.

_____

PER CURIAM.

Margarito Padron appeals from his conviction by jury in the district court[1] on charges of (1) conspiracy to distribute methamphetamine and cocaine from February 1998 to June 1998 in violation of 21 U.S.C. § 846, (2) conspiracy to distribute marijuana from February 1998 to February 1999 in violation of 21 U.S.C. § 846, and (3) distribution of marijuana in violation of 21 U.S.C. § 841(a)(1). Padron claims the

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

district court erred by denying his motion to merge the two conspiracies for multiplicity in the indictment, and by applying a two-level enhancement for use of a minor in the commission of crime pursuant to U.S.S.G. § 3B1.4. We affirm.

The evidence shows Padron was involved in two separate drug conspiracies, which differed as to their time frames, their geographic locations, the level of supervision Padron exercised over his co-conspirators, and even as to the main types of drugs each conspiracy sold. There was no error in charging these conspiracies separately. See United States v. Aguilera, 179 F.3d 1110, 1113 (8th Cir. 1999).

Furthermore, a two-level enhancement for use of a minor in the commission of a crime is warranted in the present case. Under U.S.S.G. § 3B1.4, an enhancement is merited "if the defendant used or attempted to use a person less than eighteen years of age to commit the offense." Nothing in the guideline itself, or the commentary thereto, even suggests, much less states, that actual knowledge of the age of the minor is necessary. However, we need not reach that issue as the district court found Padron did have actual knowledge that at least one of the two minors he was using as drug runners was under eighteen.

Padron's further argument that he was not using the minors as the term "using" is defined by the note to U.S.S.G. § 3B1.4 is without merit. Padron routinely gave drugs directly to minors to be delivered to buyers, and in return the minors returned drug proceeds to Padron. There can be no doubt that Padron was "using" the two minors as defined in § 3B1.4.

After carefully reviewing the record and the parties' briefs, we affirm the judgment for the reasons stated by the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.